### LIMESTONE COUNTY et al. v. PEEPLES et al. (No. 336.)

(Court of Civil Appeals of Texas. Waco. May 13, 1926. Rehearing Denied June 10, 1926.)

**1. Mines and minerals ⊝⇒70(6).**

In suit to forfeit and cancel quarry lease, evidence of waiver by plaintiff of right to forfeiture arising from nonpayment of royalties or rentals *held* insufficient to go to jury.

**2. Mines and minerals ⊝⇒70(6).**

That rentals became delinquent is alone no proof of lessor's election to waive right to forfeit quarry lease, particularly in view of repeated demands for payment.

**3. Contracts ⊝⇒318.**

Courts of equity do not favor forfeitures, and will usually relieve against them on reasonable grounds shown.

**4. Mines and minerals ⊝⇒70(4).**

Quarry lease, providing that lessee's rights should continue only so long as he or his assigns continued to operate plant or pay minimum royalties, *held* forfeited on nonpayment of royalties.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by Mrs. Joe Peeples and others against Limestone County and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Lewis Wood and Kenneth Krahl, both of Houston, Howth, Adams & Hart, of Beaumont, and Reed & Cannon and C. S. & J. E. Bradley, all of Groesbeck, for appellants.

Keys, Mason & Machen, of Mexia, for appellees.

STANFORD, J. Suit by appellee Mrs. Peeples to forfeit and cancel a lease contract covering a rock quarry on 30 acres of land by reason of the failure of appellant to

operate said quarry, or, in lieu thereof, to pay the stipulated rentals when due. The trial court instructed a verdict for appellee, and on such verdict rendered judgment canceling said contract and decreeing a recovery by appellee of said 30 acres of land.

### Opinion.

[1] As appellants' only contention in this case is that the court erred in refusing to instruct a verdict in their favor, and in instructing a verdict for appellees, thereby holding the evidence was insufficient to raise an issue for the jury as to whether or not appellee had waived her right to forfeit the lease contract, we will consider all of appellants' assignments together.

The record discloses that the lease contract was executed May 13, 1922, conveying to Blake Smith, trustee, the rock under said 30 acres of land, in consideration of which the said Smith, trustee, bound himself and his assigns to construct a rock crushing place on said land on or before January 1, 1913, and, when completed, to operate same continuously until said rock is removed, paying appellee 3 cents per cubic yard of rock removed, and in the event said Smith and assigns shall find it impossible or impractical to operate said place continuously, then Smith and assigns bound themselves to pay appellee $900 as the minimum royalty per year, and to pay same in quarterly installments, the contract further providing:

"It is expressly agreed by and between the parties hereto that the conveyance of the rock above mentioned * * * and the rights and privileges growing out of this contract are to be binding only so long as said party of the second part (Smith) and his assigns shall continue to operate said plant, or in the event of failure to operate, to pay the minimum price of $900.00 hereinabove provided for, per annum, said $900.00 to be paid in quarterly installments, and to comply with the provisions of this contract, it being the purpose and intent of the parties hereto that said rock is to be removed from said land with as great promptness and dispatch as possible, that the land in, on and under which rock is located may be restored to the party of the first part herein, and it is so hereby agreed."

This lease contract, on April 24, 1913, was assigned by Blake Smith to the Mexia Quarry Company. On July 1, 1919, it was assigned by the Mexia Quarry Company to Limestone county and Freestone county. On November 22, 1920, it was assigned by Limestone county and Freestone county to the Granite, Gravel & Sand Company of Houston, a joint-stock company. On September 11, 1922, it was transfered by a deed of assignment by the Granite, Gravel & Sand Company to the Buckeye Stone Company. The Buckeye Stone Company became insolvent, failed to pay its franchise tax, and its charter was forfeited. Whereupon B. P. Panas, the principal stockholder in both the Granite, Gravel & Sand

Company, a joint-stock company, and the Buckeye Stone Company, a corporation, took charge of the said property of said companies and has claimed to own same since about 1920.

[2] The record further shows that B. P. Panas lived at Houston, Tex.; that he was seldom at Mexia, Tex.; that he failed to operate said quarry for long periods of time, more than a year; that appellee and her agent wrote him requesting the payment of rentals, and every time they could see him requested such payments, but such requests were generally ignored. This state of affairs continued until some $1,600 or $1,700 in quarterly rentals became delinquent, when Limestone county and Freestone county entered into a contract with said B. P. Panas by the terms of which said counties bought gravel and agreed to operate said quarry, taking out their own gravel, and about this time appellee, being unable to collect rentals from Panas through her agent, Yelverton, took charge of said quarry and refused any of said parties permission to enter said premises until settlement was made for said delinquent rentals, whereupon said counties guaranteed and did pay said rentals, $1,700, which paid same up to May 18, 1924. When said counties closed down their work said Panas again failed and refused to pay, although the record indicates he was able to pay, and although frequently requested both in writing and orally to pay he persisted in his refusal and failure to pay until the time this suit was brought, at which time no quarterly payment of rentals had been made since the last payment by the counties, May 18, 1924, and rentals were past due for about 15 months, and no attempt had been made to operate said quarry for more than a year, although the contract had been in effect for about 12 years, and provided the rock should be removed as speedily as possible in order that the land could be returned to the owner. The record fails to show that appellee said or did anything that was calculated to lead appellant to believe a forfeiture would not be declared by appellee on account of delinquent rentals. One such forfeiture had been declared, and should have been a fair warning to appellant to keep said rentals paid up. The mere fact that the rentals became delinquent is no proof of an election on appellee's part to waive the right of forfeiture, especially when appellee in no way encouraged or consented to such delinquency, but, on the contrary, was making repeated demands for payment, and such delinquency resulted only by reason of appellant's continuous refusal and failure to comply with appellee's requests to pay. Crawford v. Texas Imp. Co. (Tex. Civ. App.) 196 S. W. 195.

[3, 4] The plain terms of the contract provide that same should become inoperative in the event the lessee or any assignees should fail to operate said lease or should fail

to pay the quarterly installments of rentals in lieu of operation. Courts of equity do not favor forfeitures, and will usually relieve against them, provided reasonable grounds for such relief are shown, but, as we view it, no grounds for such relief are shown here, and also, we think, this is in no wise a forfeiture. Appellants did not contract to operate the quarry nor to pay rentals. They simply had the privilege to do so and thereby continue said contract in force, and upon their failure to do either, the contract ceased to exist or became forfeited by force of its own terms. Appling et al. v. Morrison (Tex. Civ. App.) 227 S. W. 708; Carey et al. v. T. P. Coal & Oil Co. (Tex. Civ. App.) 237 S. W. 309; Ford v. Barton (Tex. Civ. App.) 224 S. W. 268. The trial court was correct in refusing to instruct a verdict for appellants, and was also correct in refusing to submit the question of waiver to the jury, and in instructing a verdict for appellee, because the evidence was insufficient to raise the issue as to whether or not appellee had waived her right to forfeit said lease contract for nonpayment of rentals.

We have examined all of appellants' assignments, and, finding no error, overrule same and affirm the judgment of the trial court.