MARYLAND CASUALTY COMPANY V. BARRON-BRITTON, INC.

No. A-7582. Decided June 1, 1960.
Rehearing Overruled July 20, 1960.
(336 S.W. 2d Series 622)

*House, Mercer & House,* and *R. H. Mercer,* all of San Antonio, for petitioner.

The Court of Civil Appeals erred in holding that the affidavit and account of Barron-Britton, Inc., with the County Clerk of Brazos County was insufficiently itemized to fix liability against Maryland Casualty Company on its bond under the provisions of Article 5160 R.C.S. of Texas. Meyer v. Wood, 95 Texas 67, 65 S.W. 174; Ball v. Davis, 118 Texas 534, 18 S.W. 2d 1063; Turner Roofing & Supply Co. v. Union Pacific Ins. Co., 289 S.W. 2d 407.

*W. C. Davis* and *John M. Barron,* both of Bryant, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Petitioner, Maryland Casualty Company, is the surety on a bond given by Ted Breihan, doing business as Breihan Construction Company, for the performance of a contract to install heating and ventilating equipment in a public school building in Bryan. The amount of Breihan's contract with the City was $74,995.00. Respondent, Barron-Britton, Inc., entered into a written contract with Breihan to furnish certain specified materials to go into the system. Breihan defaulted, and respondent then filed this suit seeking recovery against the petitioner, Brehian's surety, for the balance due from him. The trial court rendered judgment for respondent, which judgment was affirmed by the Court of Civil Appeals. 327 S.W. 2d 769.

The single question presented here is whether the claim filed by respondent meets the requirement of itemization contained in Article 5160, Vernon's Ann. Texas Civ. Stats., as it read prior

to the amendment thereof by the Acts of 1959, 56th Leg., p. 155, Ch. 93, Sec. 1. The relevant portion of the statute under construction reads as follows:

Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to *as required by Statutes as to mechanic's lien claims,* and such claim shall be filed with the County Clerk of the county, in which said work is being prosecuted, within ninety days from the date of delivery of said material and the performance of said work." (Emphasis added.)

Respondent timely filed with the County Clerk an affidavit in statutory form, to which was attached a copy of the contract by which it agreed to install equipment itemized as follows:

"VENTILATION:

> 4—Jenn-Air Model 70CR fans as specified (Fans 4, 5, 11 and 12).
> 8—Jenn-Air Model 91CR fans as specified (Fans 1, 2, 3, 6, 7, 8, 9, and 22).
> 1—Jenn-Air Model 100CR fan as specified (Fan. 14).
> 1—Jenn-Air Model 243BCR fan as alternate (Fan 13).
> 1—Clarage Fan Co. Model 1 3/8 fan as alternate (Fan 15).
> 2—Clarage Fan Co. Model 1 1/4 fan as alternate (Fans 16 and 17).
> 4—Acme Equipment Co. D48H fans as alternate (Fans 18, 19, 20 and 21).
> Plywood backing for grilles in accoustical ceilings.
> 20—Registers and grilles as specified (See Note 1).
> Galvanized iron duct work as detailed (See Note 2).
> 14 Ga. B. & S. Aluminum hood with filters (See Note 3).
> 3 sets Korfund vibration isolators.
> BID    -    -    -    -    -    $4852.00"

It is the position of petitioner that the itemization required by Article 5160, supra, must reflect not only the amount of labor and materials furnished, but also the price attributable to each item. The Court of Civil Appeals based its decision primarily upon Royal Indemnity Co. v. American District Steam Co., 88 S.W. 2d 1091, 1094, wr. dism., from the opinion in which case it quoted as follows:

"Where the contract is for a lump sum, there can be no

'itemization of price' as that term is employed in the statute; and any attempt at itemization in this regard would be more or less arbitrary."

There is a great disparity between the many cases cited by the parties in their briefs herein. We shall not undertake to reconcile all of the opinions. Particularly, we shall not undertake to draw distinctions between Royal Indemnity Co. v. American District Steam Co., supra, and Turner Roofing and Supply Co. v. United Pacific Insurance Co., 289 S.W. 2d 407, er. ref. n.r.e. Our decision in this case will be made to turn on an argument by respondent which was not advanced in either of those cases or in any other case cited in the briefs. That contention is that Article 5160 makes itemization entirely dependent upon mechanic's lien statutes, and that itemization is required under Article 5160 only when it would be required in a corresponding situation under Articles 5453-56. It is based upon the fact that Article 5160 employs this language which we emphasized in our quotation from the statute above: "as required by Statutes as to mechanic's lien claims." That language was placed in the statutes by an amendment in 1929, 41st Legislature, Chapter 226, p.481.

Article 5453 prescribes the methods by which a mechanic's lien may be secured. Section 1 provides for securing a mechanic's lien when labor and materials are furnished under a written contract between the contractor and the owner by attaching a copy of the contract under which the labor and materials were furnished to the affidavit filed with the County Clerk. Section 2 provides for securing a mechanic's lien when a person furnishing labor and materials has no written contract by filing "an itemized account." That section is not applicable to the case before us.

It is the position of petitioner that under the express terms of Section 3 of Article 5453 the respondent, being a subcontractor, was required to itemize the labor and materials furnished to the contractor. Section 3 reads as follows:

"Within ninety days after such indebtedness accrues, each person, firm or corporation who furnished material to or performed labor for a contractor or subcontractor to construct or repair a house, building, improvement or railroad or its properties, shall give written notice to the owner * * * or to his agent * * * of each and every item furnished and showing how much there is due and unpaid on each bill of lumber or material furnished or labor performed by such person, firm or corporation, and shall file with the county clerk of the county in which

such property is located or through or into which such railroad may extend, an itemized account of his or their claim to be recorded by such clerk in a book kept for that purpose."

■ In our view, respondent's position is more consistent with the purpose sought to be achieved by Article 5160. If, upon the default of the prime contractor, a subcontractor seeks to fix a lien against private property under the provisions of Section 3, Article 5453, it is important that the owner of the property be advised as to the items of material and labor furnished, and the prices thereof, for the reason that he cannot be held liable for more than the reasonable value of such items. In the instant case, however, upon default of the prime contractor, the City of Bryan cannot be subjected to a lien for the value of materials and labor furnished by a subcontractor. Accordingly, Article 5160 requires the execution of a bond by the prime contractor as protection for his subcontractors, who would otherwise be without a remedy upon his default. The obligation of the surety on such a bond, then, insofar as it runs to subcontractors, is based upon the obligation of the prime contractor rather than the obligation of the City.

■ Breihan's position, in relation to respondent, is analogous to that of the owner of private property who enters into a written contract for the construction of a building thereon or the improvement of one in existence. As a party to such a contract, the owner is familiar with and has agreed to its terms. It is obvious that in such a situation the filing of the written contract, as provided in Section 1, Article 5453, is sufficient to fix the lien of the contractor for labor and materials furnished. Here, since Breihan was familiar with and agreed to the terms of his contract with respondent, and since petitioner's obligation as surety derives from Breihan's obligation to respondent, we can perceive no reason for requiring more than filing the written contract to fix respondent's claim under Article 5160.

■ To adopt the contention of petitioner that respondent should have itemized his claim would serve no useful purpose. No right of the surety is prejudiced by allowing recovery on a written contract. The surety's principal, being a party to the written contract, would be bound by its terms, and the surety could not be heard to question the provisions of the very contract for the performance of which it has executed a bond.

Considering the language of the statute in the light of its purpose, we believe that the better reasoning upholds the suffi-

ciency of the steps taken by respondent to fix the liability of the surety.

The judgments below are accordingly affirmed.

Opinion delivered June 1, 1960.

Rehearing Overruled July 20, 1960.