**LESIKAR CONSTRUCTION COMPANY et al., Appellants,**

v.

**ACOUSTEX, INC., Appellee.**

No. 17509.

Court of Civil Appeals of Texas, Fort Worth.

April 26, 1974.

Rehearing Denied May 31, 1974.

878

Steves & Morgan, and Sterling W. Steves, Fort Worth, for appellants.

Robert K. Roach, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

This suit was brought by a subcontractor, Acoustex, Inc., against a general contractor, Lesikar Construction Company, seeking to recover the balance claimed to be owed the subcontractor for work it did in constructing the W. E. Boswell High School at Saginaw, Texas. The general contractor's bonding company, General Insurance Company of America, was also named as a defendant and it was sued on the general contractor's bond that was posted under Art. 5160, Vernon's Ann.Civ. St. The plaintiff was awarded a judgment for $4,378.73 against the two defendants and this appeal is from that decree. This sum represented the balance due on the contract price plus accrued interest.

The defendants in their first three points of error contend that the trial court erred in rendering the judgment for plaintiff because (1) the jury found that the plaintiff had failed to comply with a condition precedent in the contract that required him to furnish the general contractor an affidavit showing that all bills for labor and materials had been paid in full before he was entitled to payment; (2) the jury found that Lesikar Construction Company did not waive its right to require plaintiff to furnish the bills paid affidavit required by the contract; and (3) the court disregarded the jury findings that Lesikar did not waive its right to require plaintiff to furnish such bills paid affidavit as required by the contract.

We overrule defendants' first three points of error.

By the contract in question executed on July 5, 1968, Acoustex, Inc., a subcontractor, agreed to complete the furnishing and installation of all gypsum drywall partitions and ceilings and acoustical treatment to be used in the school building involved. Section 4 of the contract between the sub-

contractor and general contractor contained the following provisions:

"SECTION FOUR: Contractor agrees to pay Subcontractor for the performance of work hereunder the sum of Eleven Thousand One Hundred Twenty and no/100 ($11,120.00) . . . and to make payments on account thereof in accordance with the provisions that follow:

"a. . . .

"b. . . .

"c. Upon the completion of said work or furnishing said materials, in accordance with said plans and specifications, to furnish to Contractor evidence in the form of an affidavit that all bills both for labor and materials have been paid in full, and upon the presentation of such affidavit the Contractor shall pay to the Subcontractor the balance due under this Contract."

The jury found in answer to Issue No. 1 that Acoustex, Inc., had not furnished to Lesikar an affidavit that all bills for labor and materials had been paid in full. The verdict (Issue No. 2) also established that Lesikar did not waive its right to have Acoustex, Inc. furnish it an affidavit that all bills for labor and materials had been paid in full.

The architect on the job certified that the school building project was fully completed on January 11, 1969. The architect at that time accepted all work done on the job, including that done by the plaintiff, Acoustex, Inc. The general contractor, Lesikar, was paid his contract price in full by the owner for doing the school job on February 20, 1969. After completing his contract the subcontractor did not furnish Lesikar an affidavit stating that all his bills for labor and materials had been paid. The price for which plaintiff had contracted to do the work and furnish the materials was $11,120.00. The first mention defendant ever made to plaintiff of plaintiff's failure to furnish defendant a bills paid affidavit was while this lawsuit was being prepared for trial. The case was not tried until almost four years after the contract was completed. There was no evidence in the record that anyone has ever tried to fix a lien or make a claim against the general contractor, his bondsman, or against the owner for unpaid labor or material bills incurred by plaintiff in performing the contract. All of the facts recited in this paragraph are undisputed.

Marion Yancey, the plaintiff's general manager, testified at the trial that the amount that had been paid to plaintiff by the general contractor was $7,647.23 leaving an unpaid balance owed to plaintiff on the contract price of $3,472.77. Yancey also testified that plaintiff had paid all of its bills for labor and materials that were furnished in connection with this job, and that no one had ever asked defendant to pay any of such bills.

The witness, Bob Land, was general manager of plaintiff at the time this job was done. He was employed elsewhere at the time of the trial. He also testified that the plaintiff had paid all the bills for labor and materials that it furnished in connection with this job. The testimony of both Land and Yancey was given under oath to the effect that these bills for plaintiff's labor and materials were paid.

We deem the evidence in the case to establish as a matter of law that the plaintiff has in fact prior to trial fully paid all such bills. The testimony of the witnesses, Marion Yancey and Bob Land, to that effect is undisputed. They were both, at different times, general managers of the plaintiff, but their uncontradicted testimony is clear and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. In addition there is no testimony that any claims or liens were sought to be fixed by anyone against the contractor, his bondsmen or the owner arising out of labor done or materials furnished by plaintiff under this contract. Under these circumstances we hold that the evidence conclusively establishes the fact that all such bills for labor and material have been paid in full. See 62 Tex.

Jur.2d 451–452, Witnesses, Sec. 373, and McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (Tex.Com.App., 1943). In addition, Mr. Lesikar, president of defendant corporation, had the means and opportunity to dispute this testimony while he was testifying, but failed to do so.

The same questions presented to us here under defendants' first three points of error were presented to the Supreme Court in the case of Citizens Nat. Bank v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003 (1941). There Locke entered into a construction contract with the railroad and performed it. The written contract provided for Locke, after completion, to furnish written evidence satisfactory to the railroad that he had paid all labor and material bills that he incurred in connection with the job and that when this was done the railroad would pay to Locke all sums owed him under the contract. Locke did all the work called for and the railroad accepted it. Locke never did furnish the railroad written evidence that his bills were all paid. Locke then assigned all his rights under the contract to the Bank. The Bank sued the railroad and three unpaid suppliers of materials to Locke were made parties to the suit. No liens were ever fixed against the railroad and the time had long since passed when any liens could be fixed against the railroad for matters arising out of the contract. The railroad refused to pay because Locke had never furnished it the written evidence that he had paid his bills for labor and materials furnished on the job.

In construing that contract the court said the entire instrument would be looked to in order to determine the intent of the parties and that it would be considered in the light of the existing lien statutes and that when that was done they held that the provision requiring the contractor to furnish written evidence of payment of its bills prior to payment by the owner was put in the contract only to protect the railroad against those who might claim liens against it under existing lien statutes. The provision was not there to benefit third parties.

The following is from the opinion in that case at page 1007 of 150 S.W.2d: ". . . the provision of paragraph 6 . . . was not intended as an absolute condition to be enforced regardless of any necessity or reason therefor; . . .. We further think that, since the Railway has received and accepted the benefits of this contract in full, and since the enforcement of the requirement of paragraph 6, regarding the furnishing of written evidence of the payment of certain claims, will be of no benefit to the Railway, for whose benefit alone it was written into the contract, there is no reason in law or in equity why it should not now discharge its obligation to pay for the services performed by Locke for it. 40 C.J., p. 365; Getty et al. v. Pennsylvania Inst., etc., 194 Pa. 571, 45 A. 333, 334. We think it would be giving this contract an unreasonable construction to say that the provision of paragraph 6 under discussion imposes a condition in favor of the Railway, absolute in its terms and effect, even though the Railway has no further interest in its enforcement and could not benefit thereby; and even though the Railway has received and accepted the full benefits of the contract. 'A contract will not be presumed to have imposed an absurd or impossible condition on one of the parties, but will be interpreted as the parties must be supposed to have understood the condition at the time.' 12 Am.Jur., p. 848, § 295."

The reasoning in that case applies with full force here. It is undisputed that the plaintiff has fully performed its contract and that the defendant has been fully paid by the owner for the labor and materials that plaintiff furnished. In fact Lesikar has accepted the full benefits of plaintiff's performance and has collected from the owner for the work and materials furnished by plaintiff.

Article 5160, V.A.C.S., provides in substance that a bond claim arising from a

debt incurred by a subcontractor for unpaid labor or materials in a situation such as is involved here must be perfected by giving written notice of the claim to the contractor and his surety on or before approximately 90 days after final completion of the contract between the prime contractor and the school district.

Here it was undisputed that Lesikar completed its contract on January 11, 1969. This case was not tried until almost four years later. Long ago the time passed in which one could legally fix a claim under the above statute against the general contractor or against his bondsmen.

Thus, there ceased to be any further reason for requiring proof of the payment of the bills incurred by plaintiff because the statute referred to, after the lapse of the period of time in which a claim could be legally fixed, furnished Lesikar all the protection it needed against the possibility that it could be required to pay such bills.

We hold that since it has been established in this case that plaintiff has in fact paid all of its bills for labor and materials used in performing its subcontract, and because furnishing a bills paid affidavit at this time would be of no benefit to the plaintiff because the time has long since passed in which furnishers of labor and materials to plaintiff could legally fix a claim or lien against the contractor or his bondsman for such items, and because the defendant has heretofore collected his full contract price from the school owner and has thus accepted and retained the benefits flowing from the full performance by the plaintiff of its subcontract with defendant, that there is now no reason whatever why Lesikar should not perform its part of the contract with plaintiff by paying to plaintiff the balance of the contract price.

We hold that the condition involved here was not intended by the parties to be an absolute condition to be enforced regardless of whether or not a necessity or reason existed for its enforcement. As stated, it was put in the contract for defendant's protection. Since the defendant's need for the protection afforded by that provision no longer exists, the condition will not now be enforced. The Citizens National Bank case, supra, is our authority for this holding.

In addition to what we have said, we call attention to the Restatement of the Law of Contracts, Vol. 1, Sec. 302, which provides as follows:

> "Excuse of Condition That
> Involves Forfeiture.
>
> "A condition may be excused *without other reason* if its requirement (a) will involve extreme forfeiture or penalty, and (b) its existence or occurrence forms no essential part of the exchange for the promisor's performance." (Emphasis ours.)

According to that work the reason for this rule is that the enforcement of conditions in the instances referred to in the rule, where the effect of such enforcement would be to effect a forfeiture or a penalty in case of a breach of such condition, would be opposed to public policy.

■ This rule is applicable here. This rule has been applied and is the law in Texas. See Hill v. Still, 19 Tex. 76 (Tex. Sup., 1857); Missouri State Life Ins. Co. v. Le Fevre, 10 S.W.2d 267 (Waco Civ. App., 1928, writ dism.); and Limestone County v. Peeples, 285 S.W. 696 (Waco Civ.App., 1926, writ dism.).

If the condition involved here was literally enforced it would result in an extreme forfeiture to plaintiff and would allow the defendant to keep as a windfall the sums he has collected from the owner for the plaintiff's labor and materials that plaintiff put into the job. Also, the performance of this condition by the plaintiff formed no part of the things that the contract called for plaintiff to do for which defendant agreed to pay him the contract price. Plaintiff has fully performed the things for which defendant agreed to pay him by furnishing the labor and materials necessary to perform the work called for.

Because both of the elements referred to above that are necessary for the application of the above rule are present in this case, the non-performance of the condition involved here by plaintiff is excused.

■ Defendants' fourth point of error is that the evidence in the case was insufficient to show the amount owed on the contract price by Lesikar to plaintiff.

We overrule this point.

Marion Yancey testified that Lesikar had paid $7,647.23 to plaintiff on the contract price and that defendant still owed plaintiff $3,472.77. It was undisputed that the contract price was $11,120.00. We hold that that testimony was sufficient to show the amount owed by defendant.

Yancey was a stockholder, director, officer and general manager in the plaintiff corporation. He was thus an interested witness. He was the only witness that testified as to the balance that defendant owed plaintiff and as to the amount that defendant had paid to plaintiff on the contract. His testimony on this point was uncontradicted and it was clear and convincing and there are no circumstances in the evidence tending to discredit or impeach his testimony. After Yancey testified, L. W. Lesikar, the president and apparently the sole owner of defendant corporation, took the stand. He had the means and opportunity to dispute Yancey's testimony on this point, but failed to do so.

Under this state of the record we hold that it was established as a matter of law that the unpaid balance that defendant owed on the contract was $3,472.77. See 62 Tex.Jur.2d, 451–452, Witnesses, Sec. 373, and McGuire v. City of Dallas, supra.

The defendants claim also that Yancey's testimony on this point was pure hearsay and that it was therefore insufficient to establish the amount defendant owed because he did not begin working for plaintiff until after the contract was completed and

therefore could have no first-hand knowledge of such facts.

We disagree.

Yancey testified that $7,647.23 was the amount defendant had paid on the contract price and that the balance owed plaintiff was $3,472.77. No objection was made to this testimony.

Yancey was plaintiff's general manager but did not take over at the Fort Worth office that did this work until June 1, 1969. By that time the contract work had been completed, but Yancey did get in on some of the punch-out work on this job. His job was to handle the overall supervision and running of the plaintiff company in its day to day operations. He exchanged a number of letters with Mr. Lesikar, defendant's president, about the matter. He went to the jobsite and inspected it after the job was complete. He has custody of all plaintiff's records relating to this job showing the labor and material costs to plaintiff, the amount defendant has paid and the balance owed. He testified that to his knowledge plaintiff has requested that defendant pay the balance of the contract price but that defendant has not done so. *Defense counsel asked Yancey to compute from plaintiff's records the amount that defendant paid on the contract and he did so saying that amount was $7,647.23.* He testified that he has been through plaintiff's records on this probably ten times since they have had the problem.

■ Undoubtedly the plaintiff's records would have been admissible to show the balance that defendant owed on the contract price. Yancey's testimony as to what plaintiff's records showed this balance to be was also admissible in the absence of an objection that the records would be the best evidence of what they showed. No such objection was made here. In fact it was defense counsel that elicited this testimony from Yancey on cross-examination.

■ The rules applicable in deciding whether or not Yancey's testimony as to the amount defendant had paid on the contract price and as to the balance that defendant owed was hearsay and therefore inadmissible are clearly stated in 24 Tex. Jur.2d 63, Evidence, Sec. 561, as follows: " . . . testimony is admissible where it appears possible for the witness to have personal knowledge of the facts testified to, and it is not shown that he lacked such knowledge and depended for his information on the statements of another. In short, to exclude testimony on the ground of hearsay, it must affirmatively appear that it is wholly hearsay." Fort Worth & D. C. Ry. Co. v. Ryan, 271 S.W. 397 (Fort Worth Civ.App., 1925, no writ hist.), and Jackes-Evans Mfg. Co. v. Goss, 254 S.W. 320 (Texarkana Civ.App., 1923, no writ hist.) support this text.

When these rules are applied to the facts of this case, as they are outlined above, we hold that the defendants failed to make this record affirmatively show that Yancey's testimony on the point in question was hearsay and inadmissible.

■ Defendant's fifth point of error is that the trial court erred in rendering judgment against the general contractor's bonding company herein because plaintiff failed to prove its compliance with Art. 5160, V.A.C.S., by filing the type and kind of notice required by that statute.

The record here shows that a payment bond was executed between Lesikar and the defendant, Surety Company, and it was approved by the school district. In arguing this point the defendants admit receiving notice of plaintiff's claim which was accompanied by a statement of account. The notices were given by certified mail to the prime contractor and to the surety within the time periods prescribed by Art. 5160, V.A.C.S. This suit to collect the claim was filed within the time prescribed in that statute.

The defendant contends that the notices of plaintiff's claim given the defendants were insufficient to comply with Art. 5160, V.A.C.S., in two respects, namely: (1) they did not give the approximate dates of delivery of the materials and of the furnishing of the labor as required by Art. 5160, Sec. B(a)(2); and (2) because the notice did not sufficiently describe the labor and materials in such a manner as to reasonably identify them.

We overrule these contentions.

It was undisputed that the project was completed on January 11, 1969. The surety company admitted receiving plaintiff's notice of the claim before February 8, 1969. Since defendants received the notice of the claim before February 8, 1969, such notice, if sufficient, effectively fixed plaintiff's claim under Art. 5160, V.A.C.S. as to any labor and materials furnished after October 1, 1968.

It was uncontroverted at the trial that the value of the labor and materials furnished by plaintiff after October 1, 1968, was in excess of the balance due on the contract.

We hold that the notice of claim given defendants by plaintiff was not defective for failing to itemize the labor and materials furnished on the job involved during the period in question.

The evidence showed that in addition to the notice of claim and in addition to the sworn statement of account that plaintiff furnished to defendants that it also, at the same time, furnished them a true copy of the written agreement between plaintiff and Lesikar under which the work and materials were furnished.

Article 5160, Sec. B(a), V.A.C.S., provides in part as follows: "When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, *as such notice* a true copy of such agreement and advising completion or value of partial completion of same." (Emphasis ours.)

The claim here was based on a written contract. The statute gave the plaintiff

the option of furnishing defendants a copy of the written agreement as the notice and advising defendants of the completion of same. The plaintiff complied with this requirement of the statute and it was therefore not necessary that plaintiff also furnish defendants an itemization of the labor and materials under the contract as is contended for by defendants.

Our authority for this holding is Maryland Casualty Company v. Barron-Britton, Inc., 161 Tex. 83, 336 S.W.2d 622 (1960). It is true that that case dealt with Art. 5160 as it was worded before being amended in 1959. But a reading of the statute, as amended, shows that the holding in that case was expressly placed into the amended statute so as to give the claimant the right to furnish the copy of the written agreement in lieu of itemizing the items of labor and material that were furnished under such contract.

■ Defendants' other contention under their fifth point is that the notice of claim filed by plaintiff was insufficient in that they did not give the approximate dates of the delivery of the materials and of the furnishing of the labor as required by Art. 5160, Sec. B(a)(2).

Defendants admitted that the notices were given them prior to February 8, 1969. The written notice plaintiff gave defendants recited the following: ". . . claimant has furnished labor and material in the prosecution of the work provided for in a contract between Acoustex Co. and Lesikar Construction Co., dated the 5th day of July, 1968, in which a payment Bond was furnished . . . has not been paid in full therefor . . . *and now within 90 days after the 10th day of the month next following the month in which the labor was performed and the material delivered gives this his written notice* of such claim . . . ." (Emphasis ours.) This notice was dated January 21, 1969.

We hold that the quoted part of the notice provided defendants notice as to the approximate dates when the labor was performed and the materials were furnished for which the claim was being made. It advised defendants that plaintiff was only making claim for labor done and materials delivered under the contract that were furnished within the 90 day plus time period prescribed by Art. 5160, Sec. B(a), V.A.C.S.

■ The law is that the notice requirements of Art. 5160, V.A.C.S., are to be liberally construed and a substantial compliance with that statute is all that is required as to notice. United States Fidelity & G. Co. v. Parker Bros. & Co., Inc., 437 S.W.2d 880 (Houston 1st Dist., 1969, ref. n.r.e.); Citadel Construction Company v. Smith, 483 S.W.2d 283 (Austin Civ.App., 1972, ref. n.r.e.); General Electric Supply Co. v. Epco Constructors, Inc., 332 F.Supp. 112 (S.D.Texas, 1971); and United Benefit F. Ins. Co. v. Metropolitan Plumbing Co., 363 S.W.2d 843 (El Paso Civ.App., 1962, no writ hist.).

We hold that the notice of claim that plaintiff furnished defendants was in substantial compliance with the part of Art. 5160, Sec. B(a)(2) requiring the notice to state the approximate date or dates of performance of labor or delivery of materials or both.

The judgment is affirmed.