Acme Brick v. Temple Assoc 






NO. 10-90-193-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          ACME BRICK COMPANY, A DIVISION OF
          JUSTIN INDUSTRIES, INC.,
                                                                                            Appellant
          v.

          TEMPLE ASSOCIATES, INC., ET AL,
                                                                                            Appellees

* * * * * * * * * * * * *

 From County Court at Law Number 1
Brazos County, Texas
Trial Court # 33,721-CCL1

* * * * * * * * * * * * *

DISSENTING OPINION

* * * * * * *
          The McGregor Act requires the notice of claim to be "accompanied by a sworn statement
of account stating in substance that the amount claimed is just and correct and that all just and
lawful offsets, payments, and credits known to the affiant have been allowed." Act of March 20,
1913, 33rd Leg., R.S., ch 99, 1913 Tex. Gen. Laws 185, 186, amended by Act of May 22, 1969,
61st Leg., R.S., ch 422, Tex. Gen. Laws 1390, 1392, amended by Act of May 28, 1989, 71st
Leg., R.S., ch 1138, § 38, 1989 Tex. Gen. Laws 4704, 4707 (current version at Tex. Rev. Civ.
Stat. Ann. art. 5160(B)(a) (Vernon Supp. 1991)) (emphasis added). The plain language of this
provision requires the notice to be accompanied by an affidavit. McGregor Act requirements must
be strictly complied with. Union Indemnity Co. v. Rockwell, 57 S.W.2d 90, 91 (Tex. Comm'n
App. 1933) (judgm't adopted); City of San Antonio v. Argonaut Ins. Co., 644 S.W.2d 90, 92
(Tex. App.--San Antonio 1982, writ ref'd n.r.e.). Substantial compliance with article 5160's
notice provision is apparently permissible. Lesikar Construction Company v. Acoustex, Inc., 509
S.W.2d 877, 884 (Tex. Civ. App.--Fort Worth 1974, writ ref'd n.r.e.). However, furnishing a
notice of claim without an affidavit supporting it is fatal to recovery. Barfield v. Henderson, 471
S.W.2d 633, 637 (Tex. Civ. App.--Corpus Christi 1971, writ ref'd n.r.e.). 
          The pivotal question is whether Acme Brick's notice of claim was accompanied by an
affidavit. In my opinion, it was not. 
          An affidavit consists of the caption or title, body, affiant's signature, and jurat. 2 Tex.
Jur. 3d Affidavits § 14 (1979). The law requires an affidavit to be "signed by the party making
it." Tex. Gov't Code Ann. § 312.011(1) (Vernon 1988). Consequently, unless the instrument
is signed, it cannot be treated as an affidavit. Gordon v. State, 16 Tex. Ct. App. 337, 338 (1891). 
          A copy of the Notice of Claim and the purported affidavit are reproduced and attached to
this opinion. The Notice of Claim is not the body of the purported affidavit. Instead, the
following constitutes the body:
BEFORE ME, the undersigned authority, on this day personally appeared Pamela
E. Byas, known to me to be the person whose name is subscribed hereto, and upon oath
deposes and states that she is District Credit Manager of Acme Brick Company, a division
of Justin Industries, Inc., and is authorized to make this affidavit; that she/he has read the
foregoing and attached Notice of Claim and the amount claimed therein is just and correct,
and all just and lawful offsets, payments and credits known to him have been allowed.
Immediately below the body is the jurat:
TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE THIS the 
1 day of May , 19 87 .
                                                                /s/     Mary Jo Humphreys 
                                                                       Notary Public in and for 
                                                                        Travis County, Texas
          Affixing the affiant's signature below the jurat has been held sufficient, as the law does not
specify where the requisite signature must appear. Kohn v. Washer, 69 Tex. 67, 6 S.W. 551, 552
(1887). Signing below the jurat was sufficient because "it [was] apparent that it was placed there
by the affiant for the purpose of subscribing to the instrument." Id. 
          Pamela Byas's signature does not appear anywhere within the purported affidavit, either
above or below the jurat. Her signature on the notice was not sufficient because it is not
"apparent" that she signed the notice for the purpose of subscribing to the affidavit. Accordingly,
I believe the purported affidavit is fatally defective. See Gordon, 16 Tex. Ct. App. at 338. 
Furthermore, I do not believe you can substantially comply with the notice provisions of the
McGregor Act when the affidavit is not signed.
          I dissent because, in my opinion, the court properly entered summary judgment against
Acme Brick on the ground that its claim was barred as a matter of law. See Barfield, 471 S.W.2d
at 637. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Opinion delivered and filed May 16, 1991
Publish



ngfully kidnapped them." They
repudiated Judge MacLatchy's order and the December 20 order. The Katzes asserted in a
response that the Clarks were estopped to attack the agreed order. 
          Jonathan Clark admitted at the hearing on the motion for a new trial that he agreed to Judge
MacLatchy's order just so he could regain possession of the children. He said his Canadian
lawyer advised him to "sign [Judge MacLatchy's order], get your kids down there [in Texas], and
then throw it out of court down there [in Texas] because it wouldn't hold up." To accomplish this
scheme, of course, the Clarks had to get the court to enter a reciprocal order in this cause. The
evidence reflects that the Clarks acted willingly and not under duress. 
          The Clarks attack the December 20 order in seven points of error. Essentially, their
complaints are that it violates several provisions of the Texas Family Code relating to joint-custody
agreements and is not supported by any evidence. They also argue that the court erred when it
awarded the Katzes joint custody at a time they were not parties to this proceeding. 
          The Clarks are estopped from attacking the order they asked the court to enter.


 They
cannot question either its validity or the court's jurisdiction.


 To hold otherwise would allow them
to dupe the court and trifle with the judicial process. All points are overruled. Affirmed. 



                                                                       BOB L. THOMAS
                                                                       Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed March 18, 1992
Do not publish