·No. 5719.

KOHN BROTHERS v. WASHER & AUGUST.

1. AFFIDAVIT.—Construing article 6 of the Revised Statutes of Texas, *held*, that the signature of an affiant placed under the following jurat: "Subscribed by the said David H. Kohn, and by him sworn to before me this the 31st day of August, A. D. 1885," is sufficient.

2. ATTORNEY—SURETY.—The rule of court in Texas which provides that no attorney or other officer of the court shall be surety in any case pending in court except under special leave of the court, is directory, and if such officer or attorney become such surety his act is neither void nor voidable.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

ˌ*Wray & Standley,* for appellants, cited Shelton v. Berry, 19 Texas, 154.

*Ball & McCart, A. M. Carter* and *R. M. Wynne,* for appellees, cited Rules of Supreme Court No. 50, and Revised Statutes, article 6, title 2.

GAINES, ASSOCIATE JUSTICE. Appellants brought this suit to recover of appellees the sum of one thousand six hundred and thirty dollars, the alleged value of certain merchandise averred to belong to plaintiffs, and to have been converted by defendants. The petition alleged that plaintiffs were citizens and residents of the State of Illinois, and that defendants were residents of Tarrant county and citizens of the State of Texas. On the fourteenth day of September, 1885, plaintiffs filed a petition for removal of the cause to the United States Circuit Court for the Northern District of Texas, under subdivision 3 of section 639 of the Revised Statutes of the United States. The petition was accompanied by an affidavit and bond, to which on the thirtieth of September defendants filed exceptions in due form. The court thereupon sustained the exceptions to the bond and refused the application for the removal of the cause, to which ruling plaintiffs excepted. The cause having proceeded to trial resulted in a verdict and judgment for the defendants.

The plaintiffs now appealing assign as error the action of the court in refusing to remove the cause. Appellees insist that both the bond and affidavit were insufficient; and upon the determination of the question of their validity the decision of the case in this court depends.

The ground of the exception to the affidavit is, that the signature of the affiant, David A. Kohn, instead of being affixed below the body of the affidavit, and above the jurat, appears below the official signature of the notary. Waiving the question whether a common law affidavit is not all that can be required under the act of Congress,—we are of opinion that the affidavit in controversy must be held good under our own laws. The statute provides that all affidavits "shall be in writing and signed by the party making the same." (Rev. Stats., art. 6.) As

to the place of the signature nothing is said. The jurat is in these words: "Subscribed by the said David A. Kohn, and by him sworn to before me this the 31st day of August, A. D. 1885." The signature "David A. Kohn" appearing immediately below the official designation of the notary, it is apparent that it was placed there by the affiant for the purpose of subscribing to the instrument. This meets fully the objects of the law and is all that can be required.

The objection to the bond is, first, because it is signed by plaintiff's attorneys as sureties, without first having obtained leave of the court, and, second, because the sureties were as alleged, insolvent. The judgment of the court upon the exceptions to the bond shows that they were sustained upon the first ground, and nothing being said as to the second, we are to presume that the objection was waived, or that upon a hearing of the evidence the sureties were held to be solvent.

The question whether a bond made in course of a judicial proceeding in the courts of our State, and signed by an attorney as a surety in violation of the rules of the court, can be held valid when objected to, is not without difficulty. The great weight of authority is that if it is received and acted upon without exception being made to it—it will be held good. Such seems to be the uniform ruling of the court of King's Bench (King v. Sheriff of Surrey, 2 East., 182; Foxhall v. Bowerman, Id.; Hooper v. Tahomdon, 1 Chitty, 714 note); though a different rule appears to have prevailed in the Common Pleas. (Cokish v. Ross, 1 Taunton, 164.) But we have found but one decision in the courts of this country in which such a bond is held absolutely void (Cothren v. Connoughter, 24 Wis., 134); and in that, the court, speaking of the statute incapacitating attorneys from becoming sureties, say: "This statute does in terms deprive attorneys practicing in any of the courts of this State of the legal power or ability of becoming a surety on any undertaking, and this is not a personal privilege which the attorney may waive, but the law evidently intends to disqualify them from entering into such contracts." From this we infer that the language of the Wisconsin statute differs materially from the language of of the statutes of other States and their rules of court upon the same subject. In Kentucky they have a statute prohibiting any officer from taking any attorney as a surety on a bail bond; yet, for the reason that it does not declare a bond with such surety void, the court say it is merely directory and hold that

the surety, though an attorney, is bound. (Holandsworth v. Commonwealth, 11 Bush., 617.) Such is also the construction placed upon statutes of similar import in Ohio, Illinois, Missouri and Kansas. (Sherman v. State, 4 Kansas, 493; Hicks v. Chouteau, 12 Mo., 342; Wallace v. Scales, 6 Ohio, 429; Jock v. People, 19 Ill., 58.)

We have no statute upon this subject which applies to proceedings in civil cases. Our rule reads: "No attorney or other officer of the court shall be surety in any cause pending in court, except under special leave of the court." (47 Texas, 626, rule 50.) We think the general understanding of the courts and of the bar in our State has been that the rule was merely intended to protect the officers of the court against the importunity of litigants; that it is merely directory, and hence if an officer become a surety in contravention of the rule his act is neither void nor voidable. The purpose of the regulation is sufficiently accomplished by punishing the offender for contempt of court without holding the bond a nullity. To follow even the modified practice of the Court of King's Bench and to hold an obligation with such surety even voidable upon exception, is to apply a harsh remedy and in some cases to work an injustice, which the court in adopting the rule did not contemplate.

We think the court below erred in holding the bond void, and for this error the judgment will be reversed and the cause remanded, with instruction to remove the cause as prayed for in the petition for that purpose.

*Reversed and remanded.*

Opinion delivered November 8, 1887.