FIREMAN'S FUND INSURANCE
COMPANY, Appellant,

v.

ABILENE LIVESTOCK AUCTION
COMPANY, Appellee.

No. 16490.

Court of Civil Appeals of Texas.

Dallas.

May 14, 1965.

Rehearing Denied June 4, 1965.

Brundidge, Fountain, Elliott & Churchill, Dallas, for appellant.

G. H. Kelsoe, Jr., and Robert M. Kennedy, Dallas, for appellee.

DIXON, Chief Justice.

This appeal calls on us to construe 7 U.S. C.A. 201 et seq., known as the Packers and Stockyards Act, hereinafter called the Act, with respect to a dealer's bond executed for the purpose of complying with Section 204 of the Act.

Abilene Livestock Auction Company, appellee, of Abilene, Texas, brought suit against Gene Pope of Clovis, New Mexico

as principal and appellant Fireman's Fund Insurance Company as surety on a $5,000 livestock dealer's bond. Following a non-jury trial judgment was rendered in favor of appellee for $4,275.40 against both Pope and appellant.

The facts are undisputed. On or about June 14, 1960 Gene Pope telephoned from Clovis, New Mexico, to appellee at Abilene, Texas, requesting that appellee purchase for him a lot of stocker cattle and that appellee draw a draft on Pope's Clovis, New Mexico, bank account to cover the purchase price of $4,275.40. Pope sent his truck to Abilene and picked up the cattle. Upon presentation of Pope's draft to the Clovis bank payment was refused and the draft was returned to appellee unhonored due to insufficient funds.

At the time of these transactions Pope was a registered dealer at Clovis, New Mexico, under the terms of the Act. He had not registered as a dealer at Abilene, Texas. Appellee operated at Abilene a posted stockyard in compliance with Section 202 of the Act.

In its one point on appeal appellant contends that the trial court erred in holding that a bond given by Pope to qualify as a registered dealer under 7 U.S.C.A. 201 et seq. at Clovis, New Mexico, covers a purchase of cattle made by Pope at Abilene, Texas at a public stockyard at which Pope was not registered. We do not agree with appellant.

Section 204 of the Act provides that the Secretary of Agriculture may require reasonable bonds from every dealer under such rules and regulations as he may prescribe.

Title 9, Code of Federal Regulations, in effect at the time this bond was executed, contains these provisions:

### "MARKET AGENCY AND DEALER BONDS

"§ 201.29 * * * Every * * * dealer, except packer buyers registered as dealers to purchase livestock for slaughter only, shall, * * * execute and thereafter maintain, * * * a reasonable bond, * * * to secure the performance of *obligations incurred* as such market agency or dealer *at posted stockyards:* * * *.

\*   \*   \*   \*   \*   \*

"§ 201.31 * * * Each market agency and dealer bond shall contain conditions * * * which conditions shall be as follows or in terms to provide equivalent protection.

\*   \*   \*   \*   \*   \*

"(c) When the principal operates as a dealer (trader):

"If the said principal shall pay, when due, to the person or persons entitled thereto the purchase price for *all livestock purchased by said principal at a public stockyard as defined in the Packers and Stockyards Act.*" (Emphasis supplied).

In view of the terms of the Act itself and the broad language of the regulations above quoted we have concluded that a statutory bond executed pursuant to the Act covers the transactions of a registered dealer whether at a stockyard at which he is registered or some other duly posted stockyard.[1]

---

1. Though the views and opinions of a Branch Chief in a Government Department are not binding on courts we find in this record a statement by a Branch Chief of the Department of Agriculture which we think is worthy of our consideration. The statement is in a letter to one of appellee's counsel:
"Our interpretation of the bonds and the intent of the bonds filed under the Act is that they shall cover all transactions of a registrant whether at a stockyard at which he is registered or at any other location.
Sincerely yours,
H. L. Jones /s/
H. L. Jones, Chief
Rates and Registrations Branch
Packers and Stockyards Division"

There is another ground for our holding that appellant is liable in this case: the terms of this bond are sufficiently broad to include coverage of Pope's purchase at appellee's stockyard as a valid common law obligation.

The condition of the bond itself is that "* * * said Principal shall pay, when due, to the person or persons entitled thereto the purchase price for all livestock purchased by said Principal *at a public stockyard as defined in the Packers and Stockyards Act of 1921 as amended*; * * *." (Emphasis supplied).

It is undisputed that at all times here involved appellee operated at Abilene, Texas, a "public stockyard as defined in the Packers and Stockyards Act of 1921 as amended."

It has often been held that where a statutory bond may be conditioned more broadly than the statute requires, its extrastatutory provisions will be enforced as valid common law obligations if the bond was entered into voluntarily for a valid consideration and is not contrary to public policy. Shade v. Anderson, Tex.Civ.App., 36 S.W.2d 1041; Sullivan v. City of Galveston, Tex.Civ.App., 17 S.W.2d 478, 490 (aff. Tex.Com.App., 34 S.W.2d 808); Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197, 203; Maddox v. Hollums, Tex.Civ.App., 241 S.W. 1053; United States Fidelity & Guaranty Co. v. Rainey, 120 Tenn. 357, 113 S.W. 397, 405; State ex rel. Hedrick v. Hartford Accident & Indemnity Co., 154 Kan. 79, 114 P.2d 812, 816; Clatsop County ex rel. Hildebrand v. Feldschau, 101 Or. 369, 199 P. 953, 18 A.L.R. 1221; Illinois Surety Co. v. United States, 9 Cir., 251 F. 823; 47 Tex.Jur.2d 477; 11 C.J.S. Bonds § 25, p. 413; 43 Am.Jur. 888. Duress and want of consideration are affirmative defenses which must be specially pled and proved to be available. Rules 93, 94, Texas Rules of Civil Procedure, Federal Rule 8(c). There are no such pleadings or proof in this record. This bond is not contrary to public policy. Therefore appellant is bound by the terms of the bond as a common law obligation even if it should be said that the bond is more broadly conditioned than the Act requires.

Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.

BATEMAN, J., not sitting.