TELEDYNE ISOTOPES, INC., Appellant,

v.

Katherine BRAVENEC, et al., Appellees.

No. 01–81–0878–CV.

Court of Appeals of Texas, Houston (1 Dist.).

Sept. 9, 1982.

Ray Anderson Shields, Clayton Devin, Ross Hemphill, Trotti & Hemphill, Dallas, for appellant.

Scot Douglas Cunningham, Houston, for appellees.

Before PRICE, STILLEY and SMITH, JJ.

PRICE, Justice.

The opinion issued on July 29, 1982, is withdrawn and the following opinion is substituted.

This is an appeal from an order granting a summary declaratory judgment. Appellees, plaintiffs below, initiated this suit to remove a cloud on title to certain real property located in Burleson County. Both the appellant and the appellees filed motions asking for a summary judgment. The trial court, in granting the appellees' motion and denying the appellant's motion, declared that a mineral deed from Frank J. and Agnes Urbanovsky to Continental American Royalty Co., was null and void for failing to adequately describe the location of the property.

The conveyances affecting the questioned property are as follows:

1. On October 16, 1912, W.M. Purdy conveyed a 300 acre tract of land to Frank and Agnes Urbanovsky.

2. On April 21, 1919, the Urbanovskys leased the mineral interest in the 300 acre tract of land to John F. Elsik.

3. On July 7, 1921 the Urbanovskys conveyed an undivided one-half mineral interest in 100 acres of the Southeast corner of the 300 acres to Continental Royalty Co.

4. On August 15, 1944, the Urbanovskys conveyed the 300 acre tract to Edward and Katherine Bravenec.

5. On July 20, 1972, (correction made in deed records on April 14, 1980), Continental American Royalty Co. (formerly Continental Royalty Co.) conveyed to Teledyne Isotopes, Inc. the mineral interest it held in the property.

6. On May 13, 1976, the Bravenecs conveyed to Champlin Petroleum Co. the mineral interest that they held in the property.

7. On June 19, 1979, Champlin Petroleum Co. entered into a farmout agreement with Geodynamics Oil and Gas, Inc. for part of the mineral interest they received from the Bravenecs.

8. On March 25, 1980, Teledyne Isotopes, Inc., conveyed a mineral interest in the

Southeast tract to Geodynamics Oil and Gas, Inc.

The questionable conveyance is the one listed in number 3 above, where the Urbanovskys proportedly conveyed to Continental Royalty Co. a mineral interest out of the 300 acres of property. The description in the granting clause of the challenged deed is in the following language:

> Lying and being situated in the County of Burleson, State of Texas, being out of the W.P. Huff League and more fully described as follows, to wit: Containing 100 acres of land and being out of the South east corner of a tract of land containing 300 acres more or less. Recorded the 17 day of Nov. 1912, Vol. 40, pages 413–414.

The appellees obtained a summary judgment on the basis that the description, "100 acres of land and being out of the Southeast corner," was insufficient.

The appellant contends in his first three points of error that the trial court erred in: 1) overruling appellant's motion for summary judgment; 2) granting appellees' motion for summary judgment; 3) and holding that the summary judgment evidence on file in this cause establishes, as a matter of law, that the property description of the mineral deed in question fails to furnish within itself, or by reference to other identified writings, the means or data by which the property interest conveyed may be identified with reasonable certainty.

When two or more parties file motions for summary judgment and at least one is granted and the other overruled, we determine on appeal all questions presented, including the propriety of the order overruling the losing party's motion. *Crystal City Independent School District v. Crawford,* 612 S.W.2d 73 (Tex.Civ.App.— San Antonio 1980, ref'd n.r.e.); *Texaco Inc v. Great Southern Life Insurance Co.,* 590 S.W.2d 522 (Tex.Civ.App.—Houston [1st Dist.] 1979 no writ). We are authorized to either affirm the judgment or reverse the judgment and render judgment that the trial court should have rendered. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958).

It is the duty of a court in construing a conveyance to give effect to the intent of the parties as manifested by the terms of the instrument, *Holman v. Houston Oil Co.,* 152 S.W. 885 (Tex.Civ.App.— Galveston 1912, writ dismissed w.o.j.), and a deed should not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property the parties intended to convey. *Jasper State Bank v. Goodrich* 107 S.W.2d 600 (Tex.Civ.App.—Beaumont 1934, writ ref'd).

Here, the deed description locating the 300 acre tract of land, out of which the 100 acre mineral interest was to be conveyed, is in the configuration of an equal sided parallelogram with the four corners situated in directions exactly north, east, south and west. Consequently, there is no southeast corner out of which the 100 acres can be conveyed. The appellant maintains, however, that by referring to the original description in the Purdy/Urbanovsky deed and by using a survey, the location of the questioned 100 acre tract could be located.

The record reflects that the appellant's surveyor, W.L. Ferguson, testified in a deposition that the questionable tract consists of 100 acres out of the east corner of the 300 acre tract and is in the configuration of an equal sided parallelogram similar to that of the 300 acre tract. He further testified that he justified using the eastern most corner of the larger tract as representing the required southeast corner because his survey indicated that a discrepancy existed in the original description of the 300 acre tract which calls for boundaries to be exactly 45° from each reference point to the next. He testified that the eastern most corner is not located at true east, but is just slightly south of true east.

The sufficiency of the description of property must be determined from the instrument itself or by reference to some other existing writing. The writing must be definite and certain on its face so that the land to be conveyed may be identified

with reasonable certainty. *Morrison v. Dailey,* 6 S.W. 426 (Tex.1887); *Osborne v. Moore,* 112 Tex. 361, 247 S.W. 498 (1923); *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (Tex.Sup.Ct.1945). The certainty of the description may be aided by parol evidence but only with certain limitations. The essential elements may never be supplied by such evidence. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by this evidence. But extrinsic evidence must not constitute the framework or skeleton of the agreement. It is proper only to explain the descriptive words and to identify the land, not supply the location and description. *O'Herin v. Neal,* 56 S.W.2d 1105, (Tex.Civ.App.—Texarkana 1932, writ refused).

In the relevant section of the mineral deed there are only two parts which may be construed as descriptive of the property. The first provides that the tract must contain 100 acres of land. The second provides that the 100 acres be out of the southeast corner of a designated 300 acre tract. The deed description in question totally fails to provide either any identifiable reference points or the means or data by which to ascertain the length, breadth, shape, direction or limits of the 100 acre tract. Consequently, it is impossible to determine the intended location of the 100 acre tract.

The appellant's survey does nothing more than offer, through speculation, the location of the 100 acre tract. It is an attempt to use parol evidence to justify changing the original description and location of the 300 acre tract so that some semblance of a southeast corner might be located. The southeast corner does not exist and cannot be located according to the intent of the parties. The deed does not furnish within itself the means or data by which the 100 acre tract may be identified. To allow the survey to provide the missing information for location purposes violates this test for sufficiency. We can not, on appeal, interpolate terms of material consequences in order to violate the deed's description. *Dahlberg v. Holden,* 238 S.W.2d 699 (Tex. 1951).

The trial court did not err in ruling the deed description is insufficient. The appellant's first three points of error are overruled.

In his fourth point of error, the appellant contends that the trial court erred in holding that the summary judgment evidence on file in this cause establishes as a matter of law that appellees were not guilty of laches in pursuing their claims. Appellant contends that the defense of laches applies because at the time the Bravenecs acquired their interest in the property in question in 1944, they knew of the outstanding mineral interest in the property since it was specifically referred to in their deed. Further, the deed conveying the 100 acre mineral interest was of record at the time the Bravenecs acquired their interest. Thus, appellant argues, the failure of the Bravenecs to clear up any potential adverse claim at the time they acquired their interest precludes them from doing so now because of the unreasonable delay in bringing their cause of action. Appellant asserts that in addition to this, it has been harmed by the delay because the corporation, Continental Royalty, from whom it purchased the mineral interest, has long been dissolved. For this reason, appellant asserts that there can be no recourse against anyone for any losses appellant might suffer as a result of this cause.

Laches, in legal significance, is inexcusable delay in asserting an equitable right resulting in injury to the opposing party. *San Antonio River Authority v. Garrett Brothers,* 528 S.W.2d 266 (Tex.Civ.App.—San Antonio 1975, ref'd n.r.e.). But as long as the parties remain in their same initial condition, the length of delay in asserting a right is of little consequence. However, when the opposing party's condition changes so that he cannot be restored to his former state, the delay in pressing the right becomes inequitable and operates as an estoppel against the assertion of the right.

A suit to remove a cloud on title is a prayer for relief in a court of equity.

The injury created by a cloud on title is a continuing one and a cause of action to quiet title is not barred by laches if the party asserting the defense fails to demonstrate he was in possession of the contested property during the period of delay.

In the present case, no assertion of or claim to the appellant's mineral interest was made until an oil rig was set up on the property pursuant to the invalid deed. Therefore, appellees' duty to bring an equitable claim to quiet title did not arise until that time, which they did promptly.

The appellant's fourth point of error is overruled.

In his fifth point of error appellant contends that the trial court erred in holding that the summary judgment evidence on file in this cause establishes as a matter of law that the mineral deed in question is an executory contract which was not duly accepted by the board of directors and board of appraisers of the Continental Royalty Co. This issue, as admitted by the appellant, was not briefed nor was any evidence introduced on it at the summary judgment hearing. While the record is silent on this issue, any consideration given to it by the trial judge is of little consequence in light of the evidence on the inadequacy of the deed description which is sufficient by itself to warrant granting the motion for summary judgment.

The appellant's fifth point of error is overruled and the trial court's order is affirmed.