The CITY OF SAN ANTONIO,
Appellant,

v.

ARGONAUT INSURANCE COMPANY,
Appellee.

No. 16781.

Court of Appeals of Texas,
San Antonio.

Nov. 10, 1982.
Rehearing Denied Dec. 17, 1982.

Nelson A. Clare, Asst. City Atty., San Antonio, for appellant.

J. Norman Thomas, Corpus Christi, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment entered in favor of appellee, Argonaut Insurance Company, surety for the construction of a public works project, in a breach of contract suit brought by appellant, The City of San Antonio. We affirm the judgment.

In June of 1974, appellant entered into a contract with Burtex Constructors, Inc., general contractor, for the construction of certain improvements at appellant's Leon Creek Wastewater Treatment Plant. Pursuant to the terms of the contract, Burtex furnished appellant with a performance bond issued by appellee as surety. The performance bond was in the full amount of the contract ($3,577,490.35) and was approved and accepted by appellant on June 7, 1974.

The performance bond incorporated the plans and specifications of the project which required the installation of six (6) basket-type centrifuges with specified operational capacities. On April 28, 1977, appellant issued a final certificate of acceptance certifying appellee's full completion of the contract and accepting the project. Appellant brought suit on June 30, 1980. After answering by general denial, appellee moved for, and was granted, summary judgment based on the one year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5160 (Vernon 1971).

Appellant properly frames the issue before this court as being whether, as a matter of law, the performance bond executed by appellee was governed by the one year limitation period prescribed in article 5160, *supra.* We find the limitation applicable as a matter of law and affirm.

Article 5160, *supra,* as amended by Acts 1959, Tex.Gen.Laws, ch. 93, § 1, at pp. 155–159, states, in pertinent part:

A. Any person or persons, firm, or corporation, . . . entering into a formal contract in excess of $25,000.00 with this state, any department, board of agency thereof; . . . where any municipality of this state, department, board or agency thereof; . . . or any other governmental or quasi governmental authority whether specifically named herein or not, authorized under any law of this state, general or local, to enter into contractual agreements for the construction, alteration or repair of any public building or the prosecution or completion of any public work, shall be required before commencing such work to execute the aforementioned governmental authority . . . the statutory bonds as hereinafter prescribed . . . .

(a) A Performance Bond in the amount of the contract . . . .

(b) A Payment Bond in the amount of the contract . . . .

\* \* \* \* \* \*

G. All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated. No suit shall be instituted on the performance bond after the expiration of one (1) year after the date of final completion of such contract . . . .

Prior to the 1959 amendment, article 5160, *supra,* governed only payment bonds. The expansion of the statute to include performance bonds, with the attendant limitation, was added to protect public authorities from defaulting general contractors. Preamendment construction of article 5160 established the rule that:

The terms of said Article 5160 are by law incorporated in and become part of all bonds executed by a general contractor and furnished by him in connection with the construction of public work or public buildings for the state, county, school district or municipalities, whether or not such article is mentioned, referred to or incorporated in such bond.

*United Tile Co., Inc. v. Kermit Independent School District*, 273 S.W.2d 434, 437 (Tex. Civ.App.—El Paso 1954, writ ref'd n.r.e.).

■ Incorporation is not dependent on the intent of the parties. *Southern Surety Co. v. Klein*, 278 S.W. 527, 530 (Tex.Civ. App.—Amarillo 1926, writ ref'd n.r.e.). Appellant's assertion that the preamendment construction is not incorporated into post amendment cases involving municipalities and performance bonds is incorrect. Where the interpretation of a statute by the Court of Civil Appeals receives the approval of the Supreme Court by that court's refusal to grant a writ of error, such refusal is sufficient to constitute the Court of Civil Appeals' construction a part of the Act existing at the time such construction was given as well as after the Act was amended. *Dallas Railway and Terminal Co. v. Gentle*, 264 S.W.2d 155, 158–159 (Tex.Civ.App.— Austin 1954, writ ref'd). There are numerous cases in this category. *See United Tile Co., Inc., supra; Southern Surety Co., supra.* We find article 5160, *supra,* to be incorporated into the instant bond.

■ The statutory provisions governing recovery are mandatory as well as exclusive and provide the only procedure and remedy for presenting a claim against the bond. *Bunch Electric Co. v. Tex-Craft Builders, Inc.,* 480 S.W.2d 42, 45 (Tex.Civ. App.—Tyler 1972, no writ). Article 5160(G), *supra,* prohibits the institution of a suit after the expiration of one year from the final completion date of the contract. Appellant issued its final certificate of acceptance on April 28, 1977; suit was initiated on June 30, 1980. Appellant clearly filed suit more than one year after the final completion date of the contract. Appellant's suit is barred by the one year limitation. *City of Midland v. Waller,* 430 S.W.2d 473, 475 (Tex.1968). We find the trial court correctly rendered a summary judgment against appellant.

The judgment of the trial court is affirmed.

KLINGEMAN, J., not participating.