**BAXTER CONSTRUCTION CO., INC., & Federal Insurance Co., Appellants,**

v.

**HOU–TEX PRODUCTS, INC., D/B/A Hou-Tex Sheet Metal, Appellee.**

**No. 01–85–0757–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1986.

Rehearing Denied Oct. 2, 1986.

W. Mark Lanier, Fulbright & Jaworski, Houston, for appellants.

Charles A. Botschen, Anthony Miglicco, P.C., Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment on a McGregor Act payment bond claim in favor of the plaintiff, a subcontractor-claimant on a public works project, in a suit against the project's prime contractor and its surety.

The sole issue on appeal is whether the trial court correctly held the payment bond's contractual 90–day notice provision for the filing of laborers' and materialmens' claims to be applicable, when Tex. Rev.Civ.Stat.Ann. art. 5160 (Vernon 1971) prescribes a lesser notice period. We hold that the trial court was correct, and we affirm the judgment.

Appellant, Baxter Construction Co., Inc. ("Baxter"), as prime contractor, was awarded a contract to construct a General Services Building on the campus of Texas Southern University in Houston. Baxter entered into a subcontract with Cinco Mechanical Systems, Inc. ("Cinco"), to provide mechanical work for the building; Cinco in turn subcontracted with the appellee, Hou-Tex Products, Inc., d/b/a Hou-Tex Sheet Metal ("Hou-Tex"), to provide certain duct work on the project.

As required by the provisions of Tex. Rev.Civ.Stat.Ann. art. 5160 A (Vernon Pamphlet 1986), appellant Baxter, as principal, and appellant Federal Insurance Co. ("Federal Insurance"), as surety, executed a labor and material payment bond which provided, in part, as follows:

> [N]o suit or action shall be commenced hereunder by claimant unless claimant, other than one having a direct contract with the principal, *shall have given written notice to any two of the following: the principal, the owner, or the surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor,* or furnished the last of the material for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party for whom the work or labor was done or performed.... (Emphasis added).

Art. 5160 B(b)(2) requires that a payment bond claimant, other than one having a direct contractual relationship with the prime contractor, must provide written notice by certified or registered mail to the prime contractor within thirty-six (36) days after the tenth (10th) day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which payment has not been received.

In addition to the foregoing notice, art. 5160 B(a) requires written notice and a sworn statement of account to the prime contractor and surety within ninety (90) days after the tenth (10th) day of the month next following each month in which labor was done or performed in whole or in part, or material was delivered, in whole or in part.

On February 10 and 11, 1983, within the 90–day notice period required under the payment bond's quoted provisions, Hou-Tex notified Baxter and Federal Insurance, respectively, of its unpaid invoices to Cinco, Baxter's mechanical subcontractor, totalling $18,860.40, for work completed on the

job during the month of November, 1982. Cinco had filed for bankruptcy. However, Hou-Tex's notifications were not furnished within 36 days after the 10th day of December 1982, the month next following the month when the labor was performed and the services rendered, as required under art. 5160 B(b)(2).

Although several earlier Hou-Tex claims had been paid under the payment bond, Baxter and Federal Insurance refused payment on the November 1982 invoices, stating that they were not submitted timely under the statute.

Hou-Tex sued Baxter and Federal Insurance to recover under the bond on the November invoices, and both sides moved for summary judgment. Baxter and Federal Insurance asserted in both their answer and their own motion for summary judgment that Hou-Tex did not give notice as required under Tex.Rev.Civ.Stat.Ann. art. 5160 (Vernon Supp.1986).

Proof submitted to the trial court by stipulation showed that the bond executed by Baxter, as principal, and Federal Insurance, as its surety, is a payment bond within the purview of art. 5160; that Hou-Tex's notice to Baxter and Federal Insurance did not comply with the requirement under the *statute;* but that the notice given did meet the requirements of the *bond.* All parties agree that if the statutory notice requirement controls over the payment bond's more expansive contractual notice provisions, Hou-Tex's failure to give notice within 36 days after December 10, 1984, is a bar to any claim on the bond. The trial court granted claimant Hou-Tex's motion for summary judgment and denied that of appellants Baxter and Federal Insurance.

In two points of error, Baxter and Federal Insurance assert that the trial court erred: (1) by allowing recovery on the statutory bond when Hou-Tex did not comply with the statutory prerequisite of notice, although it did comply with the bond's contractual notice requirements; and (2) by allowing contractual notice requirements of the bond to override statutory notice requirements.

It is well-settled that art. 5160 sets out the method by which persons who furnish labor or materials for the construction of public improvements may bring themselves under the protection of the statutory payment bond. *Barfield v. Henderson,* 471 S.W.2d 633, 637 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). The statutory provisions governing recovery are mandatory and provide the only procedure and remedy for presenting a claim against the bond. *Barfield; Bunch Electric Co. v. Tex-Craft Builders,* 480 S.W.2d 42 (Tex. Civ.App.—Tyler 1972, no writ).

To this end, it is well-settled that the terms of art. 5160 are by law incorporated into and become part of any bond executed by a general contractor in connection with the construction of public buildings for the State or its agencies, regardless of whether art. 5160 is mentioned, referred to, or incorporated into the bond. *City of San Antonio v. Argonaut Insurance Company,* 644 S.W.2d 90 (Tex.Civ.App.—San Antonio 1982, writ ref'd n.r.e.). Incorporation of the terms of the statute is not dependent on the intent of the parties. *Id.* at 92.

Appellants urge that because the bond is statutory, statutory provisions become a part of the bond by incorporation, and that they control in every instance of conflict between language of the bond and the statute. Apellants urge that such a construction is required to attain a policy of consistent application of the statute.

We disagree. Our examination of the cited case authorities shows that such interpretations are made only to achieve the *minimum* standards imposed by the applicable statutes.

The legislative purpose of art. 5160 has been identified as: (1) the protection of persons furnishing labor or material in the construction of public works against which no lien could exist; and (2) the provision of a simple, direct method of giving notice and perfecting the claims of laborers, materialmen, and subcontractors on public construction projects. *United Benefit Fire Insurance Co. v. Metropolitan Plumbing*

*Co.*, 363 S.W.2d 843, 847 (Tex.Civ.App.—El Paso 1963, no writ); *Globe Indemnity Co. v. Barnes*, 163 Tex. 14, 288 S.W. 121, 123 (Tex.1926). Article 5160 has been held to be "highly remedial in nature," and as such should be "accorded the most comprehensive and liberal construction of which it is susceptible in order to accomplish the legislative purpose." *United Benefit*, 363 S.W.2d at 847. As stated by Chief Justice Greenhill in *Howze v. Surety Corporation of America*, 584 S.W.2d 263, 266 (Tex. 1979), "We construe the [statutory] bond as a whole and the intent of the Legislature in requiring it."

The decisions that appellants cite are cases where courts have either read a statutory provision into the bond, if the provision had been omitted from the bond, or have held the statutory provision to override a conflicting bond provision, if such was necessary to achieve *minimum* statutory protection for bond claimants.

In *Globe Indemnity Co. v. Barnes*, 163 Tex. 14, 288 S.W. 121 (Tex.Com.App.1926, jdgmt. adopted), the principal and surety unsuccessfully attempted by express language to exclude laborers and materialmen from the benefits of the public works bond in question. The court held that the purpose of the statutory bond was to protect persons furnishing material or labor in the construction of public works against which no lien could exist for their protection. Accordingly, the statutory requirement that the bond inure to the benefit of laborers and materialmen was incorporated into the bond notwithstanding the bond's express contrary provision.

In *Langdeau v. Great American Insurance Co.*, 369 S.W.2d 944, 951 (Tex.Civ. App.—Austin 1963) *rev'd on other grounds*, 379 S.W.2d 62 a provision of the fidelity bond in question required that proof of loss be submitted within a lesser period of time than the statute of limitations. The court held that the bond's lessened claim period was unenforceable because the statute requiring the bond contained no limitation of time for filing claims.

This being a suit upon a statutory bond, and the statutes requiring the bond containing no limitation of time for the filing of a claim, *it is our opinion that this provision of the bond being more onerous* on appellants [claimants seeking recovery under the bond] *than authorized by the statutes, that such provision is unenforceable.* (Citing authorities).

369 S.W.2d at 951 (emphasis added).

In *American Casualty Co. v. Texas Real Estate Commission*, 362 S.W.2d 192 (Tex. Civ.App.—El Paso 1962, writ ref'd n.r.e.), a suit to recover on a statutory real estate salesman's license bond, the amount of reimbursement available to injured parties was held not to be limited by the amount of the promissory note given by the wrong-doer-salesman in an attempted settlement, when a higher recovery amount was available under the statutory bond.

In *Grimes v. Bosque County*, 240 S.W.2d 511 (Tex.Civ.App.—Waco 1951, writ ref'd n.r.e.), a surety was held liable for a greater amount than that specified in the bond because the bond was a statutory bond.

In each of the above cases, a statutory bond was held to impose the minimum obligations of the statute requiring the bond, regardless of whether the obligation at issue was actually contained in the bond recitals.

Hou-Tex contends that the 90–day contractual notice requirement of the bond controls over the 36–day notice requirement of art. 5160 B(b)(2) because: (1) case law allows a surety to contractually undertake obligations that are more onerous than those required by statute; and (2) the terms of article 5160 do not expressly prohibit parties from contractually *expanding* the protection afforded materialmen and laborers by the statute.

The general rule is that a bond, whether required by statute or not, is good as a common-law obligation if it is entered into voluntarily, for consideration, and is not contrary to public policy. *See Fireman's Fund Ins. Co. v. Abilene Livestock Auc-*

*tion Co.,* 391 S.W.2d 147 (Tex.Civ.App.—Dallas 1965 writ ref'd n.r.e.). Since appellants have not pleaded duress, want of consideration, fraud, or mistake, we must presume that, in tendering the form of bond, they intended to be bound by its terms. *See, Gulf Oil Corp. v. Spence & Howe Const. Co.,* 356 S.W.2d 382, 387 (Tex. Civ.App.—Houston 1962) *aff'd* 365 S.W.2d 631. Inasmuch as the purpose of art. 5160 A is to protect laborers and materialmen, public policy is not hindered, but is in fact enhanced, by a contractual provision which affords greater protection to materialmen and laborers than is required by the statute by providing a lengthened notice requirement period.

Appellants further cite *Trucker's, Inc. v. South Texas Construction Co.,* 561 S.W.2d 855 (Tex.Civ.App.—Corpus Christi 1977, no writ), and *Bunch Electric Co. v. Tex-Craft Builders,* 480 S.W.2d 42 (Tex.Civ.App.—Tyler 1972, no writ), as authority that Hou-Tex's failure to comply with the mandatory notice provisions of art. 5160 bars recovery under the bond. However, neither in *Trucker's Inc.* nor in *Bunch Electric* was it shown that the unsuccessful subcontractor's failure to comply with statutory notice requirements of art. 5160 B(b)(2) was because of reliance on broader notice provisions set out in the payment bonds involved.

Art. 5160 does not anywhere prohibit parties from contractually expanding the protection afforded laborers and materialmen, and we find no public policy reason to prevent a surety from voluntarily expanding the notice period.

In view of the purposes to be accomplished by the statute, we hold that Baxter and its surety, Federal Insurance, voluntarily waived the notice requirements authorized under the statute, and knowingly contracted to increase the notice period in the bond. We hold that the notice provisions of art. 5160 B are minimum standards, and do not preclude the expanded notice period set out in the terms of the bond before us. *Accord, TransAmerica Insurance Co. v. Victoria Housing Authority,* 669 S.W.2d

818, 823 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Appellant's two grounds of error are overruled.

The judgment of the trial court is affirmed.