ACME BRICK, A DIVISION OF JUSTIN
INDUSTRIES, INC., Appellant,

v.

TEMPLE ASSOCIATES, INC.,
et al., Appellees.

No. 10–90–193–CV.

Court of Appeals of Texas,
Waco.

May 16, 1991.

Rehearing Denied Sept. 18, 1991.

Gina M. Bruner, Kelly, Hart & Hallman, Fort Worth, for appellant.

R.C. Thompson, Diboll, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This appeal arises from the trial court's judgment granting Temple Associates' (Temple) and Federal Insurance Company's (Federal) motion for summary judgment and denying Acme Brick's (Acme) motion for summary judgment. The underlying suit is for recovery on a payment bond. We will reverse and render judgment for Acme.

The payment bond was acquired in order to comply with Article 5160 of the Texas

Revised Civil Statutes, also known as the McGregor Act. *See* Act of March 20, 1913, 33rd Leg., R.S., ch. 99, 1913 Tex.Gen.Laws 185, 186, *amended by* Act of May 22, 1969, 61st Leg., R.S., ch. 422, Tex.Gen.Laws 1390, 1392, *amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 1138, § 38, 1989 Tex.Gen.Laws 4704, 4707 (current version at TEX.REV.CIV.STAT.ANN. art. 5160 (Vernon Supp.1991)). The McGregor Act requires prime contractors on governmental construction projects in excess of $25,000 to execute performance and payment bonds. The payment bond ensures recovery for all who furnish labor or materials on the project and have not been paid in full. The claimant can sue the principal and the surety on the payment bond jointly or severally for the balance due. However, before filing suit the claimant must give written notice to the prime contractor and surety, accompanied by a sworn statement of account.

Acme complains that the trial court erred in granting Temple's and Federal's Motion for Summary Judgment because Acme had complied with the notice provisions of the McGregor Act and that the trial court erred in failing to grant its own Motion for Summary Judgment because there were no genuine issues of material fact. The court found Acme was not in substantial compliance with the notice provisions of the McGregor Act. The notice Acme sent to Temple and the surety, Federal, on April 5, 1989 is attached as exhibit A. This notice was sent to Temple and Federal again on May 11. Temple and Federal argue that the notices were insufficient under article 5160. Their position is based upon the fact that Pamela E. Byas did not sign the document above the jurat on the blank line.

■ An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX.GOV'T CODE ANN. § 312.011 (Vernon 1988); *see also Perkins v. Crittenden*, 462 S.W.2d 565, 567–68 (Tex.1970). Typically, an affidavit includes the caption or title, the venue, the signature of the affiant, the jurat and the body of the instrument. *See* 2 TEX.JUR.3d *Affidavits* (1979). The jurat of an affidavit is a "certificate by a competent officer that the writing was sworn to by the person who signed it." *Hill v. Floating Decks of America*, 590 S.W.2d 723, 729 (Tex.Civ. App.—San Antonio 1979, no writ). However, no particular terminology is required to render a document an affidavit because it is the substance and not the form of an affidavit that is significant. *Norcross v. Conoco*, 720 S.W.2d 627, 630 (Tex.App.— San Antonio 1986, no writ).

■ Here, the document contained a notice of claim which was followed by a factual statement that the amounts shown in the claim are just and correct and that all just offsets have been allowed. The document was signed by the person named in the statement; however, the signature did not appear below the statement but above. The notary then signed the document below the jurat certifying the sworn statement and the affiant's signature. The Texas Supreme Court in *Kohn v. Washer* decided that an affiant's signature which was placed below the jurat for the purpose of subscribing to the instrument meets fully the objects of the law. *Kohn v. Washer*, 69 Tex. 67, 6 S.W. 551, 552 (1887). Based on *Kohn*, we believe that when Pamela Byas placed her signature on the document she did so for the purpose of subscribing to the instrument. *See id.* The law does not direct or guide where the necessary signature is to be located. *Id.* Accordingly, we find the document constituted a valid affidavit.

■ Moreover, even if the statement was not an affidavit, the McGregor Act requires only substantial compliance with its notice provisions. *See Featherlite Bldg. v. Constructors Unlimited*, 714 S.W.2d 68, 69 (Tex.App.—Houston [14th Dist.] 1986, ref'd n.r.e.). The statute is to be given the most comprehensive and liberal construction possible. *Id.* We find the notices sent by Acme to Temple and Federal substantially complied with the notice provisions of the McGregor Act.

To be entitled to summary judgment the movant must conclusively prove all essential elements of his claim. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). The burden is on the movant to show there are no genuine issues of material fact and that as a matter of law movant is entitled to judgment. *Id.* All evidence favorable to the non-movant will be taken as true. *Id.* Additionally, every reasonable inference must be indulged and any doubts resolved in the non-movants' favor. *Id.* Here the summary judgment evidence conclusively establishes each and every element of Acme's claim. *See Featherlite*, 714 S.W.2d at 69–70. Therefore we reverse and render judgment in favor of Acme. *See Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, ref'd n.r.e.).

THOMAS, C.J., dissents.

Acme Brick Com  ny
A   ision of Justin   stri . Inc.
P.O. B   425, Fort Wort!. rexas   101
APR 7 1989

TEMPLE ASSOCIATES, INC.      NOTICE OF CLAIM

Date April 5, 1989

CERTIFIED MAIL NO. P 952 133 857, 858, 859, &860
RETURN RECEIPT REQUESTED

· Sam Rayburn Junior High     1449 South East Bypass  Bryan, Texas
    (Project)                   (Address)

TO: Temple Associates, Inc. P.O. Box 730      Diboll, Texas  75941
    Prime Contractor           Address
  # P 952 133 857
TO: Capstone Masonry, Inc.  P.O. Box 3897     Humble, Texas  77347-3897
    Sub-Contractor             Address
  # P 952 133 858
TO: Timberline Insurance Mgrs.  P.O. Box 2083   Austin, Texas  78768
    Surety                     Address
  # P 952 133 859
TO: _____
    Local Agent for Surety     Address

TO: Bryan Independent School Dist. 100 West 25th Street  Bryan, Texas  77803
    Governmental Unity         Address
  # P 952 133 860
Gentlemen;

Pursuant to the McGregor Act, Article 5160 of the Revised Civil Statutes
of Texas, as amended, we tender our claim in the amount of $11586.57
against the above Prime Contractor for materials furnished to Capstone
Masonry, Inc. P.O. Box 3897 Humble, Texas  77347-3897, on or about the
dates shown on the attached invoices during the months of January 1989
through _____19__, at the location shown above, for use in
the reference project.

This claim is supported by copies of invoices which are attached hereto
and incorporated by reference herein.

Please give this matter your immediate attention, as it may become
necessary to file suit if this claim is not settled within 60 days
from date of this letter.

               Very truly yours,

               ACME BRICK COMPANY
               By _Pamela E. Byas_
               Pamela E. Byas, District Credit Manager

STATE OF TEXAS
COUNTY OF TRAVIS

    BEFORE ME, the undersigned authority, on this day personally
appeared Pamela E. Byas, known to me to be the person whose name
is subscribed hereto, and upon oath deposes and states that she/he is
District Credit Manager of Acme Brick Company, a division of Justin
Industries, Inc., and is authorized to make this affidavit; that she/he
has read the foregoing and attached Notice of Claim and the amount
claimed therein is just and correct, and all just and lawful offsets,
payments and credits known to him have been allowed.

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE THIS the 5th
day of April _____, 1989  _Teresa Rowan_
                     Notary Public in and for
                     Travis County, Texas

TERESA ROWAN
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
JULY 11, 1992

EXHIBIT A

THOMAS, Chief Justice, dissenting.

The McGregor Act requires the notice of claim to be "accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the *affiant* have been allowed." Act of March 20, 1913, 33rd Leg., R.S., ch 99, 1913 Tex.Gen.Laws 185, 186, *amended by* Act of May 22, 1969, 61st Leg., R.S., ch 422, Tex.Gen.Laws 1390, 1392, *amended by* Act of May 28, 1989, 71st Leg., R.S., ch 1138, § 38, 1989 Tex. Gen.Laws 4704, 4707 (current version at Tex.Rev.Civ.Stat.Ann. art. 5160(B)(a) (Vernon Supp.1991)) (emphasis added). The plain language of this provision requires the notice to be accompanied by an affidavit. McGregor Act requirements must be strictly complied with. *Union Indemnity Co. v. Rockwell,* 57 S.W.2d 90, 91 (Tex. Comm'n App.1933) (judgm't adopted); *City of San Antonio v. Argonaut Ins. Co.,* 644 S.W.2d 90, 92 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Substantial compliance with article 5160's notice provision is apparently permissible. *Lesikar Construction Company v. Acoustex, Inc.,* 509 S.W.2d 877, 884 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). However, furnishing a notice of claim without an affidavit supporting it is fatal to recovery. *Barfield v. Henderson,* 471 S.W.2d 633, 637 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.).

The pivotal question is whether Acme Brick's notice of claim was accompanied by an affidavit. In my opinion, it was not.

An affidavit consists of the caption or title, body, affiant's signature, and jurat. 2 Tex.Jur.3d *Affidavits* § 14 (1979). The law requires an affidavit to be "signed by the party making it." Tex.Gov't Code Ann. § 312.011(1) (Vernon 1988). Consequently, unless the instrument is signed, it cannot be treated as an affidavit. *Gordon v. State,* 16 Tex.Ct.App. 337, 338 (1891).

The Notice of Claim is not the *body* of the purported affidavit. Instead, the following constitutes the body:

BEFORE ME, the undersigned authority, on this day personally appeared *Pamela E. Byas,* known to me to be the person whose name is subscribed hereto, and upon oath deposes and states that she is *District Credit Manager* of Acme Brick Company, a division of Justin Industries, Inc., and is authorized to make this affidavit; that she/he has read the foregoing and attached Notice of Claim and the amount claimed therein is just and correct, and all just and lawful offsets, payments and credits known to him have been allowed.

Immediately below the body is the jurat:

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE THIS the 1 day of May, 1987.

/s/ Mary Jo Humphreys
Notary Public in and for
Travis County, Texas

Affixing the affiant's signature below the jurat has been held sufficient, as the law does not specify where the requisite signature must appear. *Kohn v. Washer,* 69 Tex. 67, 6 S.W. 551, 552 (1887). Signing below the jurat was sufficient because "it [was] apparent that it was placed there by the affiant for the purpose of subscribing to the instrument." *Id.*

Pamela Byas's signature does not appear anywhere *within* the purported affidavit, either above or below the jurat. Her signature on the notice was not sufficient because it is not "apparent" that she signed the notice for the purpose of subscribing

to the affidavit. Accordingly, I believe the purported affidavit is fatally defective. *See Gordon*, 16 Tex.Ct.App. at 338. Furthermore, I do not believe you can substantially comply with the notice provisions of the McGregor Act when the affidavit is not signed.

I dissent because, in my opinion, the court properly entered summary judgment against Acme Brick on the ground that its claim was barred as a matter of law. *See Barfield*, 471 S.W.2d at 637.

NOTICE OF CLAIM

RECEIVED
MAY 15 1989
TEMPLE ASSOCIATES, II
DIBOLL TEXAS

Date May 11, 1989

CERTIFIED MAIL NO. P 952 133 874, 875, 876, 877, &878
RETURN RECEIPT REQUESTED

Sam Rayburn Junior High    1449 South East Bypass   Bryan, Texas
(Project)      (Address)

TO: Temple Associates, Inc.   P.O. Box 730     Diboll, Texas 7594
    Prime Contractor      Address
    # P 952 133 874
TO: Capstone Masonry, Inc.   P.O. Box 3897    Humble, Texas 7734
    Sub-Contractor      Address
    # P 952 133 875
TO: Federal Insurance Co.   1990 Post Oak Blvd Suite 1100 Houston, Te
    Surety      Address
    # P 952 133 876                                 77056-31
TO: Timberline Insurance Mgrs. P.O. Box 2083     Austin, Texas 7871
    Local Agent for Surety   Address
    # P 952 133 877
TO: Bryan Independent School Dist. 100 West 25th Street Bryan, Texas
    Governmental Unity     Address
    # P 952 133 878

Gentlemen;

Pursuant to the McGregor Act, Article 5160 of the Revised Civil Statutes of Texas, as amended, we tender our claim in the amount of $32935.75 against the above Prime Contractor for materials furnished to Capstone Masonry, Inc. P.O. Box 3897 Humble, Texas 77347-3897 , on or about th dates shown on the attached invoices during the months of January 1989 through March 19 89, at the location shown above, for use in the reference project.   Performance & Payment Bond # 8107-32-91

This claim is supported by copies of invoices which are attached hereto and incorporated by reference herein.

Please give this matter your immediate attention, as it may become necessary to file suit if this claim is not settled within 60 days from date of this letter.

Very truly yours,

ACME BRICK COMPANY
By *Pamela E. Byas*
Pamela E. Byas, District Credit Mar

STATE OF TEXAS
COUNTY OF Travis

     BEFORE ME, the undersigned authority, on this day personally appeared Pamela E. Byas , known to me to be the person whose name is subscribed hereto, and upon oath deposes and states that she is District Credit Manager of Acme Brick Company, a division of Justin Industries, Inc., and is authorized to make this affidavit; that she/he has read the foregoing and attached Notice of Claim and the amount claimed therein is just and correct, and all just and lawful offsets, payments and credits known to him have been allowed.

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE THIS the 1 day of May , 19 87.

*Mary Jo Humphreys*
Notary Public in and for
Travis County, Texas

EXHIBIT D

MARY JO HUMPHREYS
Notary Public, State of Texas
My Commission Expires April 4, 1993

*REDUCTION OF A LEGAL SIZE DOCUMENT*