# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00359-CV

**Sander Allen Spiro, Appellant**

**v.**

**State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. GV002306, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

Sander Spiro brings a restricted appeal from a default judgment rendered against him. We will reverse the trial court=s judgment and remand the cause.

## Factual and Procedural Background

In August 2000, appellee State of Texas filed suit against appellant to enforce a final order of the Texas Railroad Commission. The trial court issued an order for substituted service, appellant was served, and a default judgment was signed in December 2000. Spiro brings seven issues on appeal, challenging the service as ineffective to support the default judgment.[1]

---

[1] Appellant states in issues five, six, and seven: AAppellant raises, but reserves briefing on this issue at this time.@ Appellant has never tendered additional briefing. Accordingly, these three issues are waived. *See* Tex. R. App. P. 38.1(h) (issues to contain argument and authorities).

## Discussion

To obtain a reversal of a judgment through a restricted appeal, a party must satisfy four elements: (1) a notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment and did not file any timely post-judgment motions; and (4) error must be apparent on the face of the record. Tex. R. App. P. 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.CHouston [1st Dist.] 1999, no pet.) In a restricted appeal, defective service of process constitutes error on the face of the record. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). The first three elements are undisputed. The issue in this case is whether error is apparent on the face of the record.

A default judgment cannot withstand direct attack by a defendant who shows that service did not strictly comply with applicable requirements. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). In contrast to the usual rule that all presumptionsCincluding valid issuance, service and return of citationCwill be made in support of a judgment, no such presumptions apply to a direct attack on a default judgment. *See Primate Constr.*, 884 S.W.2d at 152; *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Strict compliance with the rules governing service of process must be affirmatively shown. *Uvalde Country Club*, 690 S.W.2d at 885.

Appellant was served by substituted service. Tex. R. Civ. P. 106. The order for substituted service stipulated that return of service be made under Rule 107:

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. . . .

Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.

Tex. R. Civ. P. 107.

The return of service of process under Rule 107 is not a trivial or formulaic document. *Primate Const.*, 884 S.W.2d at 152. The return of service is prima facie evidence of the facts recited therein. *Id*. The recitations in the return of service carry such weight that they cannot be rebutted by the uncorroborated testimony of the moving party. *Id.*; *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972).

In his second and third issues, appellant contends that the return of service is defective because the supporting affidavit and its verification are insufficient. Appellant contends that the affidavit was not made on personal knowledge. The return reads:

[Date, Time, Place of Service]

**AFFIDAVIT**

I, [sic] am over the age of eighteen, not a party to nor interested in the outcome of the above suit, I have never been convicted of a felony or misdemeanor involving moral turpitude in any state of [sic] federal jurisdiction and I have studied and am familiar with the Texas RULES OF CIVIL PROCEDURE, VERNON=S TEXAS CIVIL STATUTES, CIVIL PRATICE [sic] AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices; I am A[sic]uthorized by written order of the court to serve citations and other notices.

[Signature and address]

**3**

VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn declared that the statements therein contained are true and correct.  Given my hand and seal of office this 31 day of Oct 2000.

[Signature and seal]

An affidavit must positively and unqualifiedly show that it is based on personal knowledge. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Grotjohn Precise Connexiones Intern., S.A. v. JEM Fin., Inc.*, 12 S.W.3d 859, 866-67 (Tex. App.CTexarkana 2000, no pet.).  A mere recitation that an affidavit is based on personal knowledge, however, is inadequate if the affidavit does not positively show a basis for such knowledge.  *Priesmeyer v. Pacific Southwest Bank, F.S.B.*, 917 S.W.2d 937, 939 (Tex. App.CAustin 1996, no writ).  An affidavit must unequivocally state facts upon which perjury can be assigned.  *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Wallerstein v. Spirt*, 8 S.W.3d 774, 781 (Tex. App.CAustin 1999, no pet.).

Appellee relies on *Acme Brick v. Temple Assocs., Inc.*, 816 S.W.2d 440, 441 (Tex. App.CWaco 1991, writ denied) for the proposition that although affidavits must be based on personal knowledge, no particular terminology is required to qualify a document as an affidavit.  Substance, not form, matters.  *Acme Brick*, however, involved a notice requirement under the McGregor Act[2] and required only substantial compliance.  *Id*.  Appellee also cites *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 86 (Tex. App.CSan Antonio 1997, pet. denied), for the proposition that personal knowledge of facts may be

---

[2] *See* Tex. Gov=t Code Ann. ' 2253.021 (West Supp. 2002).

**4**

determined whenever an affidavit includes information explaining how the affiant gained that knowledge. However, *Llopa* concluded that, despite affiant=s personal knowledge of facts sworn to in interrogatories, an affidavit in support of summary judgment was inadequate because the affidavit itself did not recite those facts Aunequivocally and in admissible form so that they might be tested for perjury.@ *Id*. at 86-87.

In this case, neither the affidavit nor verification aver that matters are within the affiant=s personal knowledge. Appellee would have us infer that the affiant who signed the affidavit was the process server who served the documents and therefore had personal knowledge. However, according to appellee=s own statement in its brief, there are multiple process servers at the organization employing affiant. Appellee would thus have us string together inferences: we infer from the signature, in the absence of a direct statement, that the affiant was the particular process server involved and then we infer personal knowledge based on our inference that affiant served the citation. *See Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968) (may not establish a vital fact by Apiling inference upon inference@). Further, the verification does not swear that the facts are true and correctCit avers that the Astatements@ are true and correct. Arguably, the affiant swore to *statements about the service of process* made to him by someone else in his organization. The combination of these problems results in an affidavit that does not unequivocally set out facts and swear that those facts are within the affiant=s personal knowledge and are true in such a way as to be sufficient to support perjury. Perjury, needing proof beyond a reasonable doubt, would not be supportable based on statements open to multiple interpretations. Thus, the affidavit does not meet the fundamental test of adequacy. *See Brownlee*, 665 S.W.2d at 112; *Wallerstein*, 8 S.W.3d at 781.

## Conclusion

Accordingly, we sustain appellant=s second issue.  Because our disposition of the second issue results in a remand, we need not consider appellant=s other issues.  We reverse the default judgment and remand for further proceedings.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   May 16, 2002

Do Not Publish